UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SPECTRA CHROME, LLC,

    Plaintiff,

v.                                                  CASE NO: 8:11-cv-23-T-23MAP

HAPPY JACK'S REFLECTIONS IN
CHROME, INC.,

    Defendant.
_____/

## **ORDER**

The plaintiff sues (Doc. 1) for tortious interference and for a declaratory judgment that the plaintiff breached neither a contract nor an implied warranty of merchantability. The plaintiff asserts jurisdiction under 28 U.S.C. § 1332. The defendant moves (Doc. 11) to dismiss for lack of personal jurisdiction and "subject matter jurisdiction" under the Declaratory Judgment Act. The plaintiff responds (Doc. 12) in opposition.

Background

The plaintiff—a Florida limited liability company with a principal place of business in Clearwater, Florida—manufactures chemicals and "paint spraying equipment". The defendant is an Indiana corporation with a principal place of business in South Bend, Indiana. In August, 2010, the defendant ordered from the plaintiff both equipment and chemicals, which the plaintiff shipped on August 22, 2010. After receiving the products, the defendant contacted the plaintiff for "technical support" with the products. The plaintiff determined that "operator error" and "improper use" (rather than a defect in the products) caused the defendant's "technical issues". On December 17, 2010, the

defendant's principals, Jack Floyd and Christy Ragland, sent the plaintiff an e-mail in which Floyd and Ragland threatened to sue. The e-mail also described a pending "settlement offer letter". Additionally, Floyd and Ragland allegedly (1) telephoned some of the plaintiff's customers in Florida; (2) threatened to rent billboards in close proximity to the plaintiff's office and training facility; (3) "flood[ed]" social media web sites with "information and video examples of [the] [d]efendant's adhesion tests" of the plaintiff's products; (4) threatened to contact the Environmental Protection Agency, the Better Business Bureau, and others at "automotive event[s]"; (5) threatened to file a class action if the plaintiff failed to immediately agree to the settlement offer; and (6) contacted the owner of a billboard near the plaintiff's office and training facility.

## Discussion

### *1. Personal Jurisdiction*

In moving to dismiss, the defendant argues that "simply having a [f]acebook page does not subject the [d]efendant to sufficient minimum contacts with Florida in order to establish personal jurisdiction." The defendants submit Floyd's affidavit (Doc. 7) in support of dismissal. In response, the plaintiff argues (1) that "[b]y contacting [the] [p]laintiff's customers via telephone calls to Florida and making efforts to improperly interfere with [the] [p]laintiff's existing relationships through billboard and social media communications, [the] [d]efendant has purposefully directed its activities at Florida" and (2) that both the Florida long-arm statute, Section 48.193, Florida Statutes, and the Due Process Clause of the Fourteenth Amendment authorize personal jurisdiction in Florida.

Section 48.193 states that:

> (1) Any person, whether or not a citizen or resident of this state, who personally or through an agent does any of the acts enumerated in this subsection thereby submits himself or herself and, if he or she is a natural person, his or her personal representative to the jurisdiction of the courts of this state for any cause of action arising from the doing of any of the following acts:
>
> (b) Committing a tortious act within this state.

Under Section 48.193(1)(b), a non-resident defendant who allegedly commits a tort within Florida is amenable to personal jurisdiction in Florida if the alleged tort "causes an injury inside the state." Pathman v. Grey Flannel Auctions, Inc., 741 F. Supp. 2d 1318, 1324 (S.D. Fla. 2010) (King, J.). A defendant's "'telephonic, electronic, or written communications into Florida may form the basis for personal jurisdiction . . . if the alleged cause of action arises from the communications.'" Acquadro v. Bergeron, 851 So. 2d 665, 670-71 (Fla. 2003) (quoting Wendt v. Horowitz, 822 So. 2d 1252, 1260 (Fla. 2002)). The posting of information on a web site about a Florida resident, which information is both "accessible in Florida and accessed in Florida," supports personal jurisdiction under Section 48.193(1)(b). Internet Solutions Corp. v. Marshall, 611 F.3d 1368, 1370-71 (11th Cir. 2010) (citing Internet Solutions Corp. v. Marshall, 39 So. 3d 1201 (Fla. 2010) (finding that "[b]y posting allegedly defamatory material on the [w]eb about a Florida resident, the poster has directed the communication about a Florida resident to readers worldwide, including potential readers within Florida.").

In addition to personal jurisdiction under Section 48.193, the plaintiff must show that the defendant possesses "minimum contacts" with the forum state sufficient to comport with "'traditional notions of fair play and substantial justice.'" New Lenox Indus., Inc. v. Fenton, 510 F. Supp. 2d 893, 903-04 (M.D. Fla. 2007) (Hodges, J.)

(quoting Int'l Shoe Co. v. Washington, 326 U.S. 310, 326 (1945)).  "Under the 'minimum contacts' test, a single act such as an intentional tort 'may support the exercise of personal jurisdiction over the nonresident defendant who has no other contacts with the forum.'"  Seminole Transp. Specialists, Inc. v. PDM Bridge, LLC, 2009 WL 3822773, *2 (M.D. Fla. 2009) (quoting Licciardello v. Lovelady, 544 F.3d 1280, 1285 (11th Cir. 2008)); Calder v. Jones, 456 U.S. 783, 789-90 (1984) (finding sufficient "minimum contacts" based on "intentional[] and allegedly tortious[] actions . . . expressly aimed at California," which "actions" consisted of the defendants' writing and editing an article that the defendants "knew would have a potentially devastating impact upon [the plaintiff].").  "Accordingly, if 'a defendant's tortious conduct is intentionally and purposefully directed at a resident of the forum, the minimum contacts requirement is met, and the defendant should anticipate being haled into court in that forum.'"  PDM Bridge, 2009 WL 3822773 at *2 (quoting Fenton, 510 F. Supp. 2d at 904-05 & n.44).

In this instance, the plaintiff alleges that the defendant targeted the plaintiff and tortiously interfered with an existing business relationship (1) by threatening (and attempting) to procure billboard advertising in Florida near the plaintiff's business, (2) by "flooding" social media web sites with information about the plaintiff and the plaintiff's products, and (3) by telephoning the plaintiff's existing customers in Florida.  Under Section 48.193 and the "minimum contacts" analysis, the defendant's allegedly contacting the plaintiff's customers in Florida provides a sufficient basis for personal jurisdiction over the tortious interference claim.  Furthermore, to the extent that the information posted online about the plaintiff was both "accessible in Florida and

accessed in Florida," personal jurisdiction is appropriate under Section 48.193 and in accord with Internet Solutions.  Thus, the defendant's alleged tortious conduct, which the defendant purposefully and intentionally directed at a Florida corporation, supports jurisdiction under both Section 48.193 and the "minimum contacts" analysis.

*2. The Declaratory Judgment Act*

Section 2201 of Title 28, United States Code, provides discretionary authority to "declare the rights and other legal relations of any interested party seeking such declaration" in "a case of actual controversy within [the court's] jurisdiction."  Under Section 2201, "[a]s a general rule, an actual controversy exists [if] 'a substantial controversy of sufficient immediacy and reality [exists] between parties having adverse legal interests.'"  Orix Credit Alliance, Inc. v. Wolfe, 212 F.3d 891, 896 (5th Cir. 2000); CHARLES ALAN WRIGHT, ARTHUR R. MILLER, MARY KAY KANE, FEDERAL PRACTICE & PROCEDURE § 2757 (3d ed.).  "The threat of litigation, if specific and concrete, can indeed establish a controversy upon which declaratory judgment can be based."  212 F.3d at 897.

In moving to dismiss, the defendant argues that the plaintiff fails to show an "injury in fact" sufficient to support the plaintiff's claim for declaratory relief, because each of the defendant's alleged threats was "contingent, not actual, not imminent, conjectural and hypothetical in reference to an upcoming settlement offer." Furthermore, the defendant argues that, even if the plaintiff sufficiently alleges an "injury in fact," the court should exercise discretion and decline jurisdiction.  The plaintiff responds by asserting (1) that the plaintiff faced an "imminent financial injury" based on

the defendant's demand for $50,000.00 (no later than January 4, 2011) to settle the dispute and (2) that the defendant fails to prove that "compelling circumstances" warrant declining jurisdiction.

In this instance, an "actual controversy" exists between parties with adverse legal interests. The dispute became actual and imminent upon the defendant's threatening to sue the plaintiff unless the plaintiff timely accepted the defendant's $50,000.00 settlement offer. Thus, Section 2201 authorizes jurisdiction over the plaintiff's request for declaratory relief, because the plaintiff faced an actual and imminent threat of litigation. The defendant fails to provide persuasive support for the court's declining jurisdiction under Section 2201.

### Conclusion

Accordingly, the defendant's motion (Doc. 11) to dismiss is **DENIED**.

ORDERED in Tampa, Florida, on April 7, 2011.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE